UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 8:98-cr-230-T-23TGW
                                                              8:05-cv-889-T-23TGW

STANLEY H. DAVIS
_____/

**O R D E R**

Davis' motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1)

challenges the validity of his conviction for bank robbery and felon-in-possession of a

firearm, for which offense Davis was sentenced to 120 months.

A motion to vacate must be reviewed prior to service on the United States. *See*

Rule 4 of the Rules Governing § 2255 Cases.  If the "motion and the files and records of

the case conclusively show that the prisoner is entitled to no relief," the motion is

properly denied without a response from the United States.  28 U.S.C. § 2255.  *See*

*also United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (a "§ 2255 hearing is

not required if 'the motion and the files and records of the case conclusively show that

the prisoner is entitled to no relief'") (citation omitted); *Wright v. United States*, 624 F.2d

557, 558 (5th Cir. 1980)[1] (affirming district court's summary dismissal of § 2255 motion

"[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not

entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b)

_____

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon
this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").  For the reasons set forth below, Davis' motion is without merit.

Davis previously challenged the validity of this conviction in a motion to vacate pursuant to 28 U.S.C. § 2255.  *Stanley Davis  v. United States*, 8:01-cv-316-T-23TGW. That action was dismissed on the merits (*see* Order at Doc. 139 in 98-cr-230), and the subsequent appeal was dismissed upon the denial of a certificate of appealability (*see* Order at Doc. 145 in 98-cr-230).  A subsequent letter submitted by Davis was construed as a second § 2255 and denied as successive (*see* Order at Doc. 148 in 98-cr-230).

This new action is, therefore, a second or successive action that is subject to specific restrictions.

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —

(1)     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

28 U.S.C. § 2255.  Davis' present motion to vacate sentence is ostensibly based on the application of *Johnson v. United States*, ___ U.S. ___, 125 S. Ct. 1571 (2005). Nevertheless, even if Davis can claim the benefit of the new ruling in *Johnson*, because

- 2 -

this is not his first motion to vacate sentence, Davis is still required to obtain permission from the Eleventh Circuit to file the instant motion.

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED**.  The clerk shall enter a judgment against Davis and **CLOSE** this action.

ORDERED in Tampa, Florida, on May 16, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro