UNITED STATES DISTRICT Court
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.  8:98-cr-230-T-23TGW
    8:05-cv-889-T-23TGW

STANLEY H. DAVIS
_____/

**O R D E R**

Davis requests the issuance of a certificate of appealability (Doc. 6). On April 24, 1996, the President signed into law amendments to 28 U.S.C. §§ 2244, 2253, 2254, 2255, Appellate Rule 22, and 21 U.S.C. § 848(q). As a result, this court should grant an application for a certificate of appealability only if the defendant makes a substantial showing of the denial of a constitutional right. To make this substantial showing, the defendant "must demonstrate that the issues are debatable among jurists of reason" or "that a Court could resolve the issues [differently]." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (citation omitted). In addition, the defendant could show "the questions are adequate to deserve encouragement to proceed further." *Id.*

Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the defendant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S.473, 484 (2000); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). When the district court has rejected a claim on procedural grounds, the defendant must show that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling.  *Slack*, 529 U.S. at 484; *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (*per curiam*).

In this action, the court denied the petition on procedural grounds, specifically, that Davis must obtain permission from the Eleventh Circuit Court of Appeals for leave to file a second or successive motion to vacate sentence.[*]  Davis has failed to show, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  The requirement of a certificate of appealability was meant to prevent this type of petition from proceeding any further.

Accordingly, Davis' request for the issuance of a certificate of appealability (Doc. 6) is **DENIED**.

ORDERED in Tampa, Florida, on June 12, 2005.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro

---

[*] Davis' claim is based on the recent decision in *Johnson v. United States*, __ U.S. __, 125 S. Ct. 1571 (2005).  He contends that his petition is timely because only recently did he successfully challenge state convictions used to enhance his federal sentence.  Despite the new rule established in *Johnson*, because he has previously challenged his federal sentence in a § 2255 motion to vacate sentence, he must comply with the requirement in § 2255 that he obtain permission from the appellate court before this court can review another challenge to his sentence.